J-A05008-26          2026 PA Super 160

WILLIAM SHANKLIN, ON BEHALF OF : IN THE SUPERIOR COURT OF
HIMSELF AND THE CERTIFIED CLASS : PENNSYLVANIA
:
Appellant :
:
v. :
:
ESHAI CORPORATION; COURIER :
DISTRIBUTION SYSTEMS, LLC; :
ESHAI CORP. (WISCONSIN) D/B/A :
COURIER DISTRIBUTION SYSTEMS; :
NAJEEB ESHAI; UTHMAN ESHAI; :
RUBINA ESHAI; AND ALI ESHAI          No. 1705 EDA 2025

Appeal from the Order Entered June 4, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  190303034

BEFORE:  KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

OPINION BY KUNSELMAN, J.:                    **FILED JULY 28, 2026**

William Shanklin, on behalf of himself and the certified class, appeals after the entry of a consent judgment for $1,418,005.00 in his and the class's favor.  Because a consent judgment is not appealable, we quash.

Mr. Shanklin and the class members worked for Courier Distribution Systems ("C.D.S.").  In 2019, Mr. Shanklin sued C.D.S. and Eshai Corp. of Wisconsin under Pennsylvania's Minimum Wage Act ("PMWA") and Wage Payment Collection Law ("WPCL").[1]  He also sued Najeeb, Rubina, Uthman, and Ali Eshai, "as officers of Eshai Corp. and as managing members or a member of" C.D.S., for WPCL violations.  Second Amended Complaint at 1-2. The trial court certified the class of workers.

_____

[1] See 43 P.S. §§ 333.101-333.115; and see also 43 P.S. §§ 260.1-260.13.

In November 2023, the trial court granted summary judgment to the members of the Eshai family, because Mr. Shanklin produced no evidence that they played any wage-policy roles at C.D.S. The trial court also dismissed the WPCL claim against C.D.S. and Eshai Corp. of Wisconsin, due to lack of a wage contract between those business entities and the class members. However, the court refused to grant the businesses summary judgment on the PMWA claim.

The following January, Mr. Shanklin and the class sought leave to file a third amended complaint. They hoped to add alter-ego and corporate-veil-piercing theories to try reaching the Eshai family's funds. The trial court denied the motion.

Next, the parties filed joint stipulations and motion for entry of a consent judgment "subject to the terms and conditions set forth in a written settlement agreement" they had entered. Stipulations of Counsel at 1. On June 3, 2025, the parties entered into a consent judgment in favor of Mr. Shanklin and the class for $1,418,005.00.

On June 26, 2025, Mr. Shanklin and the class filed a notice of appeal from the "Order entered on February 5, 2024 denying [Mr. Shanklin and the class's] Motion to File a Third Amended Complaint . . ." Notice of Appeal at 1. According to Mr. Shanklin and the class, the February 5, 2024 "Order was made final and appealable by the entry of a consent judgment on June 4, 2025." They contend the consent judgment against the business entities was a final order under Rule of Appellate Procedure 341, because it disposed of all

claims and all parties. **See** Shanklin & Class's Brief at 1. Mr. Shanklin and the class cite no precedent to support that contention, and our research reveals that it is incorrect.

"The question of the appealability of an order goes to the jurisdiction of the Court reviewing the order." **Prensky v. Talaat**, 291 A.3d 25, 29 (Pa. Super. 2023). **See Kapcsos v. Benshoff**, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*) (indicating that this Court may raise the issue of its own jurisdiction *sua sponte*). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review is plenary." **Id.**

Mr. Shanklin and the class admit that the parties entered into a consent judgment. Under Pennsylvania law, judgments, orders, and decrees by the consent of the parties do not confer appellate jurisdiction on this Court.

"A consent decree [or judgment] is not a legal determination by the court of the matters in controversy but is merely an agreement between the parties — a contract binding the parties to the terms thereof." **Lower Frederick Twp. v. Clemmer**, 543 A.2d 502, 510 (Pa. 1988). A "party who consents to, or acquiesces in, a judgment or order cannot appeal therefrom." **Brown v. Commonwealth of Pennsylvania Department of Health**, 434 A.2d 1179, 1181 (Pa. 1981).

Indeed, in **Sarsfield v. Sarsfield,** 380 A.2d 899 (Pa. Super. 1977), a wife brought an action against her husband for alleged non-compliance with their separation agreement and sought an order of enforcement. Eventually, the parties entered into a consent order which was entered by the court.

Husband appealed, claiming the court erroneously dismissed his preliminary objections. We held that a "decree entered by consent of the parties is so conclusive that it will be reviewed only on a showing that an objecting party's consent was **obtained by fraud or** that it was **based upon a mutual mistake**." **Id.** at 901 (quoting **Baran v. Baran**, 72 A.2d 623 (Pa. Super. 1950) (emphasis added). In addition, "any move to modify or abrogate the consent order must be initiated in the court below." **Id.**

The non-appealable nature of a consent decree, order, or judgment stems from the fact that a writ of error (what, today, we call an appeal) did not lie from a special case stated, *i.e.*, a case where the parties consented to a general verdict. At common law, a party who wished to preserve the right to appeal was required to try the case to verdict and "demur to the evidence," *i.e.*, challenge the sufficiency of the evidence, "at least if he wishe[d] to put the objection on record, without which no writ of error [could] be brought, nor the decision of a court of error [be] obtained." Henry John Stephen, ON PRINCIPLES OF PLEADING IN CIVIL ACTIONS at 114 (1824) (emphasis removed).

However, if the parties wished, they could waive their rights to a writ of error and, instead, save money and time by consenting to a final and binding decree from the court of original jurisdiction, sitting *en banc*. As Stephen explained:

> if the object [of the parties] be merely to obtain the decision of the [trial] court [*en banc*], and it is not wished to put the legal question **on record**, in a view [of preserving the issue for] a writ of error, then the more common (because the cheaper and shorter course) is . . . to take a general verdict

[*i.e.*, liable or not liable], subject to a special case; that is, to a written statement of all facts of the case, drawn up . . . by the counsel and attorneys on either side under correction of the judge at the *nisi prius*. The party, for whom the general verdict is so given, is, of course, not entitled to judgment, till the court [*en banc*] has decided on the special case . . . A special case is not entered **on record**; and consequently, a writ of error cannot be brought on this decision.

*Id.* (some emphasis omitted). By "on record," Stephen meant that there was no record of a jury trial for an appellate court to review, because the parties had consented to the facts. Thus, the trial court could not have made an error that affected the verdict.

In this Commonwealth, we relaxed the prohibition against appeals from a special case stated, but only if the parties expressly agreed to preserve their appellate rights after the trial court *en banc* entered judgment. For example, where the parties had "referred **by consent** to an auditor, to report the sum due . . . to the plaintiff, and . . . upon which the court rendered a judgment," the Supreme Court of Pennsylvania held that "such judgment is not the subject of a writ of error, unless the parties **had agreed** it should be." **Wilson v. Commonwealth**, 3 Pen. & W. 531, 1832 WL 3125, at *1 (Pa. 1832) (emphasis added). In other words, parties could expressly reserve the right to appeal from a case stated (what, today, we call a consent decree, order, or judgment), if they wished to preserve a right to appeal from the judgment entered upon the case stated. However, if the parties neglected to reserve their right to appeal from the consent judgment, the subsequent appeal was

- 5 -

"quashed, because the right thereto was not reserved in the agreement." **Pinkney v. Erie Railroad Co.**, 109 A. 700 (Pa. 1920).

The ancient common-law procedure of not allowing appeals following consent judgments remains nearly unchanged under our present Rules of Appellate Procedure. "An appeal from a consent order [or judgment] is permitted only if (1) the consent order **explicitly permits it**, or (2) the record reveals the parties anticipated appeal." **Prensky**, 291 A.3d at 30 (emphasis added) (citing **Laird v. Clearfield & Mahoning Railway Co.**, 916 A.2d 1091 (Pa. 2007)).

Here, Mr. Shanklin and the class make no contention that either of the **Prensky** exceptions applies. Instead, Mr. Shanklin and the class rely upon Rule 341, governing final orders. Their reliance is misplaced. A consent judgment, decree, or order is not a "final order," because it is not an order at all. "A consent decree is not a legal determination by the court of the matters in controversy but is merely an agreement between the parties . . . ." **Lower Frederick Twp.,** 543 A.2d at 510. Since the founding of Pennsylvania, our courts have never permitted appeals from consent decrees, orders, or judgments, entered upon a case stated, unless the parties expressly reserved the right to appeal in the trial court or clearly anticipated that an appeal would follow. **See Laird**, **supra**.

Therefore, we lack jurisdiction over Mr. Shanklin and the class's appeal. Appeal quashed.

Judge Sullivan joins. Judge Nichols concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/28/2026</u>